Submitted on record and briefs July 7, 2006, affirmed March 21, 2007

STEVEN E. WELLS,
*Petitioner-Appellant,*

*v.*

Anthony SANTOS,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV031496; A125301

155 P3d 887

Steven E. Wells filed the briefs *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Steven R. Powers, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.

EDMONDS, P. J.

---

* Brewer, C. J., *vice* Linder, J.

## EDMONDS, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief, in which he alleges that he was denied adequate assistance of trial counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. He assigns error to the post-conviction court's rulings on the merits of his amended petition for post-conviction relief, as well as to the denial of his motions to file a second amended petition for post-conviction relief, and for a continuance. We reject petitioner's assignments of error regarding the court's rulings on the merits of his amended petition without discussion. As to the assignments of error regarding the denial of petitioner's motion to file a second amended petition and for a continuance, we reject petitioner's arguments for the reasons that follow and affirm.

Following a jury trial in 2001, petitioner was convicted of two counts of sexual abuse in the first degree. Petitioner filed a direct appeal, in which his convictions were affirmed without opinion, *State v. Wells*, 187 Or App 115, 66 P3d 1030 (2003), and the Oregon Supreme Court denied review, 335 Or 656, 75 P3d 899 (2003). Petitioner filed for post-conviction relief in October 2003, making numerous allegations regarding ineffective assistance of trial counsel. We take the rest of the procedural history from the post-conviction court's pretrial order of June 30, 2004, denying petitioner leave to file a second amended petition:

"Petitioner Wells filed his initial Petition on October 20th, 2003. This Case has been set for trial on July 8th, 2004, since March 9th, 2004. An Amended Petition was filed on November 14th, 2003, and Answer was filed on November 24th, 2003. This Court's General Order regarding filing and procedure requirements for the Case was filed on November 20th, 2003, according Petitioner the right to further amend by no later than March 12th, 2004.

"In April Petitioner Wells terminated the services of his Court-Appointed Counsel * * * and this Court allowed the withdrawal of Counsel and for Petitioner to proceed Pro Se by Order entered on April 20th, 2004.

"Retained Counsel * * * filed a Notice of Representation on June 3rd, 2004, and this Court allowed new Counsel by Order entered June 8th, 2004, to file a Second Amended Petition 'immediately' in order to assure that the July 8th, 2004, trial date would not be affected. Counsel finally submitted Petitioner's Second Amended Complaint on June 23rd, 2004, as well as a Motion for Continuance. Such Second Amended Complaint was not accepted due to the failure to file 'immediately' at the direction of this Court.

"On June 24th, 2004, Defendant filed a Motion for Direction on How to Proceed and Motion to Postpone Trial.

"Petitioner's [retained] Counsel * * * then filed Petitioner's Objection to Court Order to Vacate Leave to File Amended Complaint on June 25th, 2004. A telephonic hearing was arranged for Counsel to be held on July 1st, 2004, at 8:00am (PDT).

"In the meantime, Petitioner terminated the services of his retained Counsel * * * and such withdrawal was allowed by Order dated June 29th, 2004. The following notation was placed on the Withdrawal Order: 'Petitioner Wells is once again representing himself Pro Se. Trial continues as set for 07/08/2004.'

"On June 30th, 2004, Petitioner Wells filed a Motion for Extension of PCR Hearing Date and requested filing of his Second Amended Petition. Motion for Extension of Hearing Date has been denied and filing of the Second Amended Petition will not be allowed as being untimely. So Ordered. Trial continues as set for 07/08/2004.

"It is further Ordered that the June 8th, 2004, Order allowing the filing of a Second Amended Complaint is vacated for noncompliance with the terms of such Order. [Retained Counsel's] Motion for Continuance is also Denied. So Ordered.

"Defendant's Motion for Continuance is also Denied. So Ordered.

"In summary, Trial continues on July 8th, 2004, at 1:30pm on Petitioner Wells' Amended Petition filed on November 14th, 2003, and Defendant's Answer filed on November 24th, 2003."

The post-conviction relief hearing was held on July 8, 2004. Petitioner again asked the court for leave to file his

second amended petition, but the court adhered to its pretrial order. After submission of the evidence and a brief argument by petitioner on the claims made in the first amended petition, the post-conviction court denied relief, and this appeal followed.

Petitioner argues that the post-conviction court erred when it refused to grant leave for him to file his second amended petition for post-conviction relief. He asserts on appeal that the post-conviction court abused its discretion because of the following circumstances. According to petitioner, he could not prepare the second amended petition earlier because he did not have access to the trial transcripts until January 15, 2004. He asserts that he first provided a rough draft of the second amended petition to his retained counsel on April 26, 2004, and made repeated requests to counsel to file the second amended petition by the end of May, or by June 7, 2004, at the latest. According to petitioner, counsel misled petitioner regarding when the second amended petition had to be filed and sent him a draft of the second amended petition on May 19, 2004, that was full of errors and omissions that required correction. Petitioner returned the draft with corrections to counsel on May 21, 2004, but counsel was involved in a horse riding accident that prevented him from tendering the second amended petition for filing any earlier than June 23, 2004. Petitioner concludes that the post-conviction court "chose to ignore the fact that the petitioner had absolutely no control over these events and to penalize him for circumstances clearly beyond his control[,]" thereby abusing its discretion.

Leave to amend a post-conviction petition is controlled by ORS 138.610[1] and ORCP 23 A.[2] The court's

---

[1] ORS 138.610 provides, in part:

"Within 30 days after the docketing of the petition, or within any further time the court may fix, the defendant shall respond by demurrer, answer or motion. No further pleadings shall be filed except as the court may order. * * * The court may make appropriate orders as to the amendment of the petition or any other pleading, or as to the filing of further pleadings, or as to extending the time of the filing of any pleading other than the original petition."

[2] ORCP 23 A provides, in part:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no

allowance, or denial, of leave to amend under ORS 138.610 is reviewed for an abuse of discretion. *Luther v. State of Oregon*, 83 Or App 336, 345, 732 P2d 24, *rev den*, 303 Or 483 (1987). "Discretion" refers to the authority of a trial court to choose among several legally correct outcomes. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Id.* Nonetheless, although the trial court has "broad discretion" with respect to the amendment of post-conviction pleadings, the exercise of that discretion should comport with ORCP 23 A's directive that leave to amend "shall be freely given when justice so requires." *Temple v. Zenon*, 124 Or App 388, 390, 862 P2d 585 (1993). In *Ramsey v. Thompson*, 162 Or App 139, 145, 986 P2d 54 (1999), *rev den*, 329 Or 589 (2000), we identified

> "four considerations bearing on the appropriate exercise of discretion: (1) the nature of the proposed amendments and their relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendments and related docketing concerns; and (4) the colorable merit of the proposed amendments."

With respect to the first and second considerations, the second amended petition added six new claims, including claims involving petitioner's sentences, trial counsel's purported failure to object to hearsay evidence, and claims of ineffective assistance of counsel against petitioner's direct appeal counsel. The state argues that the addition of the new claims would have required it "to prepare additional evidence or present additional legal argument to defend those claims."

Regarding the third consideration, the November 20, 2003, order granted petitioner the right to "further amend by no later than March 12th, 2004." The post-conviction court effectively adhered to that deadline when it subsequently vacated the order of June 8 permitting the filing of petitioner's second amended complaint. All of the circumstances relied on by petitioner occurred after the March

---

responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

12 deadline, with the exception of his claim that he did not have access to the trial transcripts until January 15, 2004. Even then, petitioner did not submit a proposed draft of the second amended petition to counsel until April 26—or after the March 12 deadline. It was within the discretion of the post-conviction court to establish deadlines for the filing of amended petitions and to enforce them. Based on the lapse of time between January 15 and March 12, the post-conviction court reasonably could have found that petitioner had not shown that he had pursued the filing of an second amended complaint with proper diligence after receiving the transcripts. Although petitioner asserts that meeting the March 12 deadline was beyond his control, the post-conviction court properly could have concluded that he had not demonstrated that fact.

As to the fourth factor, we conclude that the public policy need for the proper and timely administration of justice outweighs any colorable merit that petitioner's second amended petition might have had under the circumstances of this case. In our view, given the procedural history of this case, petitioner had ample opportunity to put all of his claims before the court, had he merely complied with the court's initial deadline. It follows that the post-conviction court did not abuse its discretion in refusing leave to file the second amended petition in light of its authority to regulate its docket and to require the case to go to in a timely manner.

In his second assignment of error, petitioner argues that the post-conviction court erred when, in its June 30, 2004, order, it denied his motion for an extension of time to file the second amended petition and when it denied his motion for a continuance. He reiterates the arguments made in regard to his first assignment of error and also asserts that he was in the process of trying to locate an expert witness to support his claims. He argues that he was forced to "proceed with his PCR trial without counsel, without important discovery evidence, and without expert witness testimony that was needed to support his claims."

We review a trial court's ruling on a motion for a continuance for abuse of discretion. *State v. Wolfer*, 241 Or 15,

17, 403 P2d 715 (1965); *State v. Dupree*, 164 Or App 413, 418-19, 992 P2d 472 (1999), *rev den*, 330 Or 361 (2000). Here, where petitioner had earlier discharged his court-appointed counsel, and discharged his retained counsel the week before the date set for trial, thus putting himself in the position of having to seek a new attorney, the post-conviction court was within its discretion to deny the motion. *See State v. Hug*, 186 Or App 569, 576, 64 P3d 1173, *rev den*, 335 Or 510 (2003).

Affirmed.