Argued and submitted June 26, motion to strike portions of excerpt of record granted; affirmed September 26, 2007

In the Matter of
A. D. J., aka A. D. H.;
S. N. J., aka S. N. H.;
and D. C. J., aka D. C. H.,
Minor Children.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

D. J.,
*Appellant.*

Multnomah County Circuit Court
2004812661, 2004812662, 2004812663
Petition Number 102485M
A134837

168 P3d 798

Karen S. Torry argued the cause and filed the brief for appellant.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Robin L. Wolfe and Bertoni & Todd filed the brief for minor children.

Laura B. Rufolo and Johnson Renshaw & Lechman-Su filed the brief *amicus curiae* for Professor Leslie Harris and The Child Advocacy Project.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this termination of parental rights case, father did not appear in response to a petition to terminate his rights, and the trial court entered a default judgment terminating them. Nearly a year later, father filed a motion to set aside the judgment. The trial court denied the motion to set aside on the ground that it had not been filed within a reasonable time. Father now appeals, arguing that the one-year delay was reasonable under the circumstances. We conclude that the trial court did not abuse its discretion in denying the motion to set aside and therefore affirm.

The relevant facts are not in dispute. In August 2004, the state initiated dependency proceedings with regard to father's three children, then ages seven, five, and three. Father, who was incarcerated on a conviction for sexual abuse of one of the children, was represented by counsel during those proceedings. In October 2005, the state filed a petition to terminate father's parental rights. The petition was served on father, who was still in prison. The summons conspicuously directed father to appear personally at an initial hearing on January 19, 2006. The summons advised father that, if he did not appear, "the Court may proceed in your absence without further notice to you, and terminate your parental rights." The summons also directed father to contact the juvenile court and to request court-appointed counsel.

Father did not contact the juvenile court. He did not request court-appointed counsel or appear at the hearing. The court allowed the state to present a *prima facie* case in support of the allegations in the petition and, on that same day, entered a judgment terminating father's parental rights and committing the children to the custody of the Department of Human Services for adoptive planning and placement.

At that point, father obtained counsel. He did not, however, move to set aside the default judgment. Instead, he appealed. Pending the outcome of the appeal, the children were placed in a "legal risk adoptive placement." On December 13, 2006, we dismissed the appeal for lack of an appealable judgment, explaining that, under ORS 19.245(2), a party

who has not appeared has no right to appeal a default judgment. *State ex rel Juv. Dept. v. Jenkins*, 209 Or App 637, 646, 149 P3d 324 (2006), *rev den*, 342 Or 416 (2007). We explained that "[t]o permit a defendant in a termination of parental rights proceeding to fail to appear at hearing and then to contest the judgment on appeal would be to offend the policy underlying ORS 19.245(2)." *Id.* at 645. We concluded that father's failure to appear was

> "tantamount to his consent that the court grant the relief requested by the petition. Once the state presented a *prima facie* case, his failure to contest that evidence left nothing for the trial court to adjudicate. He has therefore, in effect, waived his right to appeal by leaving no issue in the case to be adjudicated."

*Id.* at 645-46. In a footnote, we noted that father's remedy appeared to be the filing of a motion to set aside the default judgment under ORS 419B.923. *Id.* at 646 n 4.

One month later, and one week shy of a full year after entry of the default judgment, father moved to set aside the judgment pursuant to ORS 419B.923, asserting that his failure to appear at the termination hearing was due to excusable neglect. In an affidavit attached to the motion, father's counsel acknowledged the delay in filing the motion, but explained that "[a]ny delay in the filing of the ORS 419B.923 motion should be considered a tactical decision" that should not be attributed to father himself. At the hearing on father's motion, the court questioned his counsel about that contention. Father's counsel replied that the delay was a result of the "tactical decision" to appeal the default judgment instead of moving to set it aside. According to father, that tactical choice was a reasonable one given the fact that

> "until this *Jenkins* decision was decided by the Court of Appeals, a parent's attorney could—could appeal a default termination. And now that's been taken away, and so now we know that the only recourse is to file the motion to set aside at that time, but that was not the state of the law previously."

The court agreed with the state's contention that father's motion had been filed beyond the "reasonable time" allowed by ORS 419B.923(3). The court explained that

"[r]easonableness of the time is an absolutely critical consideration here.

"The Court of Appeals in the last year has gone out of its way to take seriously its obligation to quickly facilitate the resolution of these cases. There's a big move in that regard, and this Court must take that into consideration in looking at here we have a series of laws, the Adoption and Safe Families Act that says children are not to be in foster care more than a year, or much more than a year.

"They have a right to permanency. This case has been going since 2004. It is now 2007. The appeal has been pending or the—yeah, the appeal must have been filed within 30 days of the Court's order or it wouldn't have been timely filed, so this case is now two full years beyond where it's supposed to be."

On appeal, father contends that the trial court erred in concluding that his motion to set aside had not been filed within a reasonable time. Father acknowledges that the trial court was correct in expressing concern for the children's needs for expeditious resolution of the case. He nevertheless insists that the children's needs in that regard must be weighed against other circumstances. In particular, father contends, we must weigh the interest of expeditious resolution against the facts that he had reasons for failing to show up at the termination hearing, that he relied on court-appointed counsel to protect his interests in seeking to overturn the default judgment, and that such drastic consequences result from that judgment.

The state begins by noting that father's brief includes much material in the excerpt of record that was not admitted into evidence by the juvenile court. The state moves to strike that evidence. The motion is granted without further discussion.

The state then argues that, on the merits, father's appeal fails for at least two reasons. First, the state contends, father does not recognize the fact that the trial court's decision was discretionary and is thus reviewed in this court for an abuse of that discretion. According to the state, the relevant statutes—in particular, ORS 419A.004—make clear

that the child's emotional and developmental needs are paramount in determining what is a reasonable time. In light of the fact that nearly a year passed before the filing of the motion to set aside and three years have passed since the commencement of the case, the state contends, the trial court clearly did not abuse its discretion in concluding that the motion had not been filed within a reasonable time. Second, the state argues, father's contention that his delay in filing the motion to set aside is excusable because of his lawyer's inadequacy improperly conflates the grounds for a motion to set aside on the merits with the requirement that the motion be filed within a reasonable time. Moreover, the state argues, father's assertion that his delay is a result of his lawyer's inadequacy is directly contrary to the position that he took before the trial court—which was that his lawyer's decision not to file such a motion earlier was a perfectly reasonable "tactical choice."

ORS 419B.923 sets forth the procedures and substantive standards for seeking to set aside a judgment terminating parental rights. It provides, in part:

"(1)  Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:

"* * * * *

"(b)  Excusable neglect.

"* * * * *

"(3)  A motion to modify or set aside an order or judgment must be made within a reasonable time except no order or judgment pursuant to ORS 419B.527 may be set aside or modified during the pendency of a proceeding for the adoption of the ward, nor after a petition for adoption has been granted.

"* * * * *

"(7)  A motion under subsection (1) of this section may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court. * * *

"(8)   This section does not limit the inherent power of a court to modify an order or judgment within a reasonable time or the power of a court to set aside an order or judgment for fraud upon the court."

Thus, a party may move to set aside a judgment terminating parental rights if the motion is filed "within a reasonable time." The matter in dispute in this case is whether father's motion was filed within the required "reasonable time." Resolving the dispute requires us to address three subsidiary issues. First, we must determine what the statute means when it refers to a "reasonable time." Second, we must determine the standard of review that applies to a determination whether a motion to set aside has been filed within a reasonable time. And third, we must determine, in light of the appropriate standard of review, whether the trial court erred in concluding that father's motion to set aside in this case was not filed within a reasonable period of time.

■      We begin with the definition of "reasonable time." ORS 419B.923 does not define what a "reasonable time" means. As the state observes, however, elsewhere in the Juvenile Code, there is a provision stating that, "unless context requires otherwise," a "reasonable time" means "a period of time that is reasonable given a child or ward's emotional and developmental needs and ability to form and maintain lasting attachments." ORS 419A.004(20). At oral argument, the state suggested that that definition should control our evaluation of whether father's motion to set aside was timely. Father responds that, although that definition may be pertinent to evaluations of the time frame for integrating a child into a family home, *see, e.g., State ex rel SOSCF v. Stillman,* 333 Or 135, 146, 36 P3d 490 (2001), it seems less pertinent to inquiries concerning the timeliness of the filing of motions and that we should attend instead to the circumstances giving rise to his delay in filing.

Father has a point. There are a number of references in the Juvenile Code to the filing of one document or another within a "reasonable time," and the context suggests that the principal concern is something other than the emotional and developmental needs of the child. *See, e.g.,* ORS 419B.902(1) (service of a subpoena "must be made so as to allow a witness

a reasonable time for travel to the place of attendance"). ORS 419A.004(20) itself provides that its definition applies "unless the context requires otherwise."

In *Astleford v. SAIF*, 319 Or 225, 232, 874 P2d 1329 (1994), the Supreme Court concluded that, when a statute defines a term subject to the proviso "unless context requires otherwise," uniformity is required only if it would serve the apparent purposes of the statutes. In this case, the nature of the filing requirement in ORS 419B.923(3) that motions to set aside must be filed within a "reasonable time" suggests that, although the emotional and developmental needs of the child always are relevant considerations, the focus of the statute is not necessarily limited to those considerations.

The legislature has employed similar phrasing in other statutes, and we have concluded that such phrasing was intended to implicate a broad range of facts and circumstances that might bear on the reasonableness of the time involved, including the reasons for any delays in filing. ORCP 71, for example, provides that a party may file a motion to set aside a civil judgment as long as, among other things, the motion is made "within a reasonable time." ORCP 71 B(1). We have concluded that whether a motion filed under that rule has been filed within a reasonable time depends on "the facts and circumstances of the particular case," *Patrick v. State of Oregon*, 178 Or App 97, 104, 36 P3d 976 (2001), including the length of the delay in filing and reasons for it, *Wah Chang v. PacifiCorp*, 212 Or App 14, 34, 157 P3d 243 (2007). The same considerations seem appropriate in evaluating analogous filings under ORS 419B.923. In short, given the fact that this is a case that arises under the Juvenile Code, the interests of the children will always be a relevant, even primary, consideration. But, given the fact that the particular statute speaks to the reasonableness of time to file a particular motion, we conclude that, in evaluating reasonableness, we also may consider the circumstances surrounding the filing, including the length of the delay and any reasons for it.

■   We turn to the question of our standard of review in evaluating the facts and circumstances of this case. In this case, both parties concur that, although the question of what

"reasonable time" means is a question of statutory construction and, thus, a question of law, the trial court's determination that father's motion was not, on the facts of this case, filed within a reasonable time is a matter committed to the court's discretion. We agree. The denial of a motion to set aside a judgment under ORS 419B.923 is reviewed for an abuse of discretion. *State ex rel Juv. Dept. v. Kopp*, 180 Or App 566, 579, 43 P3d 1197 (2002). Similarly, the determination whether a motion has been filed within a "reasonable time" generally is reviewed for an abuse of discretion. *See, e.g., Patrick*, 178 Or App at 105 ("Ordinarily, the reasonableness of the time involved and the sufficiency of the reasons [for a motion filed under ORCP 71] are matters entrusted to the trial court's sound discretion.").

■ "Discretion" allows the court to choose among several legally correct outcomes. *Wells v. Santos*, 211 Or App 413, 418, 155 P3d 887 (2007). If the court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the court did not abuse its discretion. *Id.* In these circumstances, a decision is not within the range of legally correct discretionary choices if it is unjustified by, and clearly against, reason and the evidence. *Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005).

■ The remaining question is whether, in light of the proper understanding of the applicable statute, and in light of the applicable standard of review, the trial court erred in determining in this case that father had not filed his motion to set aside within a reasonable time—that is to say, whether the trial court's determination was unjustified by, and clearly against, reason and the evidence.

The trial court gave particular emphasis to the length of the delay in the filing of the motion, which was one week shy of one year from the judgment that father seeks to set aside. The court also noted the fact that the underlying proceeding was, at the time of father's motion, over two years old. The trial court noted the children's need for permanency and the fact that the case had extended well beyond the usual time lines for cases of this type. The court heard father's explanations for the delay, in particular, his "tactical choice"

to seek an appeal rather than move to set aside the judgment, and concluded that the justification for the delay was not sufficient. In light of the significant period of delay and the significant interest in achieving permanency for the children—who are awaiting adoption—we cannot say that the trial court's decision was unjustified by, and against reason and the evidence.

Father's argument to the contrary is, in essence, that his reliance on his lawyer excuses his delay as a matter of law. As the state correctly points out, his position on appeal—that the delay was the result of his lawyer's ineptitude—sharply contrasts with his position before the trial court—that the delay is the result of his lawyer's perfectly reasonable "tactical choice." Aside from that, and however the quality of his representation is characterized, father cites no authority for the proposition that his reliance on his lawyer effectively trumps all other considerations in evaluating the reasonableness of the time within which he filed his motion. As we have noted, his reliance on his lawyer may be a relevant consideration in conducting that evaluation. But so also is the amount of the delay involved and concerns about the impact of that delay on the children. We cannot say that the trial court abused its discretion in that evaluation.

Father also argues at some length that his failure to appear at the termination hearing in January 2006 was a result of excusable neglect. As the state correctly observes, however, that pertains to the merits of his motion and is not relevant to a determination whether his motion to set aside was filed within a reasonable time.

Motion to strike portions of excerpt of record granted; affirmed.