**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN EUGENE WELLS, | No. 09-35963 |
| Petitioner-Appellant, | DC No. 6:07-cv-1117 TC |
| v. | MEMORANDUM* |
| N. HOWTON, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District Of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted October 5, 2010
Portland, Oregon

Before:     TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

Stephen Eugene Wells, a former Oregon state prisoner now on post-

conviction supervision, appeals from the district court's denial of his 28 U.S.C. §

2254 petition for writ of habeas corpus.  We have jurisdiction under 28 U.S.C. §

2253.  We review *de novo* the district court's denial of the petition.  *Gonzalez v.*

*Brown*, 585 F.3d 1202 (9th Cir. 2009).  We affirm the district court's determination

---

* This disposition is not appropriate for publication and may not be cited to or
by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

on Wells' Sixth Amendment claim, but reverse in part and remand to the district court to review Wells' first and fourth claims on the merits.

Wells claims that his conviction on two counts of sexual abuse in the first degree by a less-than-unanimous jury violated his Sixth Amendment right to trial by jury. He contends that the Supreme Court's recent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007) have undermined *Apodaca v. Oregon*, 406 U.S. 404 (1972), which upheld Oregon's system of allowing convictions by non-unanimous juries.

This court, however, is not permitted to conclude that longstanding Supreme Court precedent has been overruled by implication. *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); *Agostini v. Felton*, 521 U.S. 203, 237-38 (1997) ("[W]e do not hold[ ] that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent."). *Apodaca* is directly applicable, and we must follow it. Because Wells' Sixth Amendment claim fails on the merits, we affirm

2

the denial of habeas relief on this ground without first determining whether this claim is barred on state procedural grounds or for failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

The district court rejected as procedurally defaulted Wells' claims of ineffective assistance of appellate counsel and deprivation of due process and fundamental fairness. Wells was unable to raise these claims when the state trial court determined that Wells had failed to comply with its order requiring Wells to "immediately" file an amended petition for post-conviction relief. This ruling was later upheld in a published decision of the Oregon Court of Appeals. *Wells v. Santos*, 155 P.3d 887 (Or.App. 2007). As a result, these claims for post-conviction relief, were never considered on their merits.

The procedure by which the post-conviction trial court first granted Wells leave to file an amended petition "immediately" and then revoked that leave after deeming the filing not sufficiently "immediate" was, to say the least, unusual, especially in light of the fact that Wells had just retained new counsel. As Wells notes, post-conviction petitioners in Oregon are regularly granted leave to file second and even third amended petitions. Reading the applicable Oregon law, the procedural rule, and cases interpreting that rule would give Wells no indication of how "immediate" his filing needed to be, nor any reason to know that the trial

3

court's leave could be revoked on the ground of failure to file "immediately." *See* Or. Rev. Stat. § 138.610; Or. R. Civ. P. 23A. This singular procedure was neither firmly established nor regularly followed at the time it was applied to Wells; therefore, it is not "adequate" to bar the consideration of Wells' claims. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). We reverse and remand the matter to the district court to consider Wells' claims of ineffective assistance of appellate counsel and deprivation of due process and fundamental fairness on their merits.

Each party shall bear his own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**