Argued and submitted December 23, 2019, affirmed June 3, petition for review denied October 22, 2020 (367 Or 217)

In the Matter of K. H. H., Jr.,
aka M. H., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. H. H.,
*Appellant.*

Lane County Circuit Court
17JU07634; A172005

466 P3d 698

Father appeals from the juvenile court's denial of his motion to set aside a jurisdictional judgment under ORS 419B.923, asserting, among other arguments, that the juvenile court erred as a matter of law when it denied his motion on the basis that it was not filed within a reasonable time. The Department of Human Services argues that the juvenile court did not abuse its discretion in denying father's motion on that basis. *Held*: Consistent with its prior cases, the Court of Appeals concluded that the meaning of "reasonable time" is a question of statutory construction, which is reviewed as a matter of law, and the juvenile court's determination that father's motion was not filed within a reasonable time is reviewed for an abuse of discretion. Because father's motion and accompanying affidavit did not sufficiently allege facts explaining the reason for the delay, the juvenile court did not err.

Affirmed.

Jay A. McAlpin, Judge.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Philip Michael Thoennes argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Brewer, Senior Judge.

POWERS, J.

Affirmed.

## POWERS, J.

In this juvenile dependency case, father appeals from the juvenile court's denial of his motion to set aside a jurisdictional judgment as to his child, M.[1] On appeal, father argues that the juvenile court erred when it concluded that (1) the motion and accompanying affidavit lacked the requisite "reasonable particularity" in stating the reasons for the motion, and (2) the motion was not made within a reasonable time. The Department of Human Services (DHS) concedes that the affidavit met the reasonable particularity requirement but maintains that the juvenile court did not abuse its discretion when it denied father's motion for not being filed within a reasonable time of the jurisdictional judgment. We write to address father's contention that the court erred in determining that the motion was not filed within a reasonable time, and affirm.

The facts are mainly procedural and undisputed. In November 2017, the juvenile court asserted jurisdiction over M. In July 2019, father moved to set aside that jurisdictional judgment alleging newly discovered evidence. Father's motion relied on ORS 419B.923, which provides, in part,

"(1)  *** [O]n motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:

"* * * * *

"(c)  Newly discovered evidence that by due diligence could not have been discovered in time to present it at the hearing from which the order or judgment issued.

"(2)  A motion to modify or set aside an order or judgment or request a new hearing must be accompanied by an

---

[1] Father also appealed from the denial of his motions to set aside the jurisdictional judgments as to two other children, T. L. and A. L. J.; however, while his appeals were pending, father relinquished his parental rights as to those children by signing both a "release and surrender" form and "certificate of irrevocability and waiver" form. Subsequently, we granted a motion filed by the Department of Human Services to sever and dismiss the appeals as to those two children as moot. Therefore, our decision today applies only to M.

affidavit that states with reasonable particularity the facts and legal basis for the motion.

"(3)   A motion to modify or set aside an order or judgment must be made within a reasonable time ***."

In his declaration supporting the motion, father averred that, at the time he made admissions in the juvenile dependency cases, he was under duress from being prosecuted in a criminal case. He explained:

"At the time I made admissions in this case, I was under duress from the prosecutor in criminal case 17CR154625. I was told [by my] first criminal defense attorney *** [that] I was looking at federal charges. He had learned this from the Assistant District Attorney on the case ***. We now know that federal charges were only used as [a] threat and were never under consideration.

"My second attorney *** coerced me that if I admit guilt to the juvenile case[,] it would show [the Assistant] District Attorney *** [that] I accept responsibility for my action. This statement was made even though we had an approved Department of Human Services safety plan that put my children safely with my sister. I was led to believe that admissions in the juvenile case would lead to a downward departure in the criminal case, which would give me a fair opportunity to reunite with my children."

The juvenile court denied the motion, explaining: "Father's affidavit fails to state with particularity which newly discovered evidence in the Dependency cases allow for a new trial. Further, Father's motion was not made within a reasonable time of the jurisdictional judgment." This appeal followed.

As a threshold matter, the parties dispute the applicable standard of review. DHS asserts that *State ex rel Juv. Dept. v. D. J.*, 215 Or App 146, 168 P3d 798 (2007), controls our standard of review for a denial of a motion to set aside a judgment under ORS 419B.923. In *D. J.*, we concluded that, in the context of a motion made under ORS 419B.923, "although the question of what 'reasonable time' means is a question of statutory construction and, thus, a question of law, the trial court's determination that father's motion was not, on the facts of this case, filed within a reasonable

time is a matter committed to the court's discretion." *Id.* at 154-55.

Father contends that we should review the denial of his motion on whether it was filed "within a reasonable time" under ORS 419B.923(3) for errors of law. Although he acknowledges that *D. J.* held otherwise, father asserts that our standard of review should be driven by what the legislature intended the phrase "reasonable time" to mean. Relying on *State v. Roberts*, 231 Or App 263, 219 P3d 41 (2009), *rev den*, 347 Or 608 (2010), and *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005), father asserts that our reasoning in *Roberts* undermines *D. J.* such that we should now over-rule *D. J.* and instead review the reasonable-time determi-nation for legal error.

In *Roberts*, we explained that "[t]he issue under [ORS 136.765 (2009)] is what the legislature intended when it required that the state provide notice of its intention to rely on sentence enhancement facts '[w]ithin a reasonable time after filing the accusatory instrument.' That is a ques-tion of law, not a matter of discretion." 231 Or App at 268 (third brackets in original). In *Johnson*, the Supreme Court explained:

> "We acknowledge the temptation to treat indefinite terms like 'good cause,' 'sufficient reason,' and 'reasonable period of time' as calling for a subjective determination and, thus, as invoking personal judgment. However, it is clear that, when such terms appear in a statutory context, they are focused on real, albeit sometimes difficult to discern, legal standards: the *legislature's* view of what is 'good,' 'suffi-cient,' or 'reasonable.' As such, in the absence of a factual dispute, a determination [of] 'good cause' *** invokes an objective standard and must be reviewed for legal error. In no case would judicial *discretion* play any role in the 'good cause' determination ***. And, more importantly for our purposes, neither would it play any role in the 'reason-able period of time' and 'sufficient reason' determinations required by the present-day statutes."

339 Or at 86 (emphasis in original; footnote omitted).

We reject father's invitation to disavow *D. J.* and its discussion of our standard of review. First, we decided

*D. J.* after the Supreme Court's decision in *Johnson* and, as father's argument appears to acknowledge, we have followed *D. J.* on multiple occasions since *Johnson* and since we decided *Roberts*. *See, e.g.*, *Dept. of Human Services v. K. W.*, 273 Or App 611, 614, 359 P3d 539 (2015), *rev den*, 359 Or 847 (2016) (reviewing the denial of a motion to set aside for an abuse of discretion and reviewing underlying legal questions for legal error); *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 534, 317 P3d 950 (2014) (same). Second, father has not demonstrated that our decision in *D. J.* is wrong, let alone "plainly wrong." *See State v. Civil*, 283 Or App 395, 415-17, 388 P3d 1185 (2017) (discussing *stare decisis* and concluding that we will overrule a prior decision only if it is "plainly wrong," which is a "rigorous standard" that is "satisfied only in exceptional circumstances"). Finally, the discussion in *D. J.* regarding our standard of review is consistent with recent cases discussing the standard of review of an analogous motion under ORCP 71.

In *D. J.*, we first examined ORS 419B.923(3) to determine what it means to require a motion to set aside an order or judgment to be filed with a "reasonable time." In that regard, we concluded that a court's determination includes, but is not necessarily limited to, the emotional and developmental needs of the child. 215 Or App at 153-54. To reach that conclusion, we noted that the same considerations involved in a motion to set aside a civil judgment under ORCP 71 B(1) apply to a motion under ORS 419B.923. We explained:

> "[G]iven the fact that this is a case that arises under the Juvenile Code, the interests of the children will always be a relevant, even primary, consideration. But, given the fact that the particular statute speaks to the reasonableness of time to file a particular motion, we conclude that, in evaluating reasonableness, we also may consider the circumstances surrounding the filing, including the length of the delay and any reasons for it."

*D. J.*, 215 Or App at 154.

Having concluded what the statute means, we then turned to the standard of review to evaluate the facts and circumstances. As noted above, we concluded that, although

what the legislature meant by the term "reasonable time" is a question of law, the juvenile court's determination that a motion to set aside under ORS 419B.923 met that standard "is a matter committed to the court's discretion." *D. J.*, 215 Or App at 155. We explained:

> "'Discretion' allows the court to choose among several legally correct outcomes. *Wells v. Santos*, 211 Or App 413, 418, 155 P3d 887[, *rev den*, 343 Or 160] (2007). If the court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the court did not abuse its discretion. *Id.* In these circumstances, a decision is not within the range of legally correct discretionary choices if it is unjustified by, and clearly against, reason and the evidence. *Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005)."

*D. J.*, 215 Or App at 155.

Accordingly, because we see no reason to deviate from our standard of review outlined in *D. J.*, we conclude, as we have previously concluded on multiple occasions, that the meaning of "reasonable time" is a question of statutory construction, which is reviewed as a matter of law, and the juvenile court's determination that father's motion was not filed within a reasonable time is reviewed for an abuse of discretion. *See id.* at 154-55; *K. W.*, 273 Or App at 614.

Having resolved the dispute over the applicable standard of review, we turn to the remaining question which is whether the juvenile court's determination was "unjustified by, and clearly against, reason and the evidence." *D. J.*, 215 Or App at 155. As noted earlier, in addition to child's emotional and developmental needs, we may also consider in evaluating whether the motion was filed in a reasonable time "the circumstances surrounding the filing, including the length of the delay and any reasons for it." *Id.* Here, however, father did not allege any facts that would allow a juvenile court to consider the child's emotional and developmental needs or the circumstances surrounding the filing. *See State ex rel Dept. of Human Services v. J. S.*, 225 Or App 115, 134, 200 P3d 567, *rev den*, 346 Or 157 (2009) (noting that, under ORS 419B.923, the moving party failed to establish

grounds for a new proceeding and "offered no explanation" for his failure to make his arguments at an earlier time).

In his motion and supporting affidavit, although father asserted that he was under duress when he made admissions in the dependency proceeding, he offered no reason for the approximate 20-month delay, and alleged no facts describing the circumstances surrounding his motion. For instance, father did not explain why he did not learn of the information described in his affidavit until almost two years after the jurisdictional judgment.[2] Although reasonableness is not simply comparing the number of months between the motion to set aside and the underlying order or judgment, an unexplained 20-month delay is significant, especially when compared to the almost 12-month delay in *D. J.*, where we affirmed the trial court's denial of the motion to set aside a judgment. 215 Or App at 155-56. In adhering to our standard of review, we must determine whether the juvenile court's denial of father's motion to set aside was "unjustified by, and clearly against, reason and the evidence." *Id.* at 155. Here, in light of the gap in father's explanation in his motion and supporting affidavit, the juvenile court's ruling was not clearly against the evidence or reason.

In short, the juvenile court did not abuse its discretion when it denied father's motion to set aside the jurisdictional judgment under ORS 419B.923, where he failed to allege sufficient grounds that would allow the court to consider the child's emotional and developmental needs or the circumstances surrounding the filing of the motion.

Affirmed.

---

[2] To the extent that father argues that the juvenile court should have ordered a hearing to elicit more information regarding the circumstances of his motion, we reject that argument because it is inconsistent with the text of the statute, which affirmatively grants the court discretion on whether to hold a hearing. *See* ORS 419B.923(1) (providing that the court "may direct" a hearing on the motion).