***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 16, affirmed September 28, 2022

In the Matter of S. E. B., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. E. B.,
*Respondent,*

*v.*

R. B.,
*Appellant.*

Yamhill County Circuit Court
20JU06004; A178081 (Control)

In the Matter of X. A. S., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. B.,
*Appellant.*

Yamhill County Circuit Court
20JU06001; A178077

In the Matter of G. S., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. B.,
*Appellant.*

Yamhill County Circuit Court
20JU06002; A178078

In the Matter of C. H. B., a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. B.,
*Appellant.*

Yamhill County Circuit Court
20JU06003; A178080

Jennifer K. Chapman, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Christa Obold Eshleman and Youth, Rights & Justice adopted the answering brief of respondent Department of Human Services in its entirety for respondent child.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In this consolidated juvenile dependency appeal, mother appeals orders denying her motions under ORS 419B.923 to set aside jurisdictional judgments over her four children. Mother seeks to set aside the judgments on the ground that her lawyer rendered ineffective assistance at the jurisdictional hearing. Mother filed the motions approximately four months after the jurisdictional hearing—and after a dispositional hearing had been held—and the juvenile court denied them as untimely. Mother assigns error to the denials, asserting that the juvenile court's decision rested on a mistake of fact that requires us to remand.

Our review of the juvenile court's denial of the motions on timeliness grounds is for abuse of discretion. *Dept. of Humans Services v. K. W.*, 273 Or App 611, 614, 359 P3d 539 (2015), *rev den*, 359 Or 847 (2016); *State ex rel Juv. Dept. v. D. J.*, 215 Or App 146, 155, 168 P3d 798 (2007). As noted, mother argues that the court's ruling was based in part on a mistake of fact. Specifically, she points out that the juvenile court stated on the record that mother's objections about her lawyer were not raised when mother appeared in court the day after the original jurisdictional hearing when, in actuality, mother did complain about her lawyer at that time. Mother argues that we should remand for the juvenile court to reconsider its ruling based on a correct understanding of the facts.

We agree that the statement to which mother points appears to be incorrect. We disagree, however, that a remand is required. That is because we do not understand the mistake to be material to the court's ultimate conclusion that mother's motions were untimely. Rather, we understand that the court's timeliness conclusion to rest on the fact that mother waited months to file the motions to set aside, even though she could have raised the issue earlier.

Beyond that, the juvenile court otherwise acted within its discretion in denying the motions as untimely. ORS 419B.923 requires motions to set aside to "be made within a reasonable time[.]" ORS 419B.923(3). In assessing reasonableness, a court must take into account the interests of the child or children, and "the circumstances surrounding

the filing, including the length of the delay and any reasons for it." *D. J.*, 215 Or App at 154. Here, the grounds for mother's motion were known to her at the time of the original jurisdictional hearing, yet she waited approximately four months to file her motions for reasons not clearly identified. Moreover, although the juvenile court held a dispositional hearing approximately one month after the jurisdictional hearing, mother did not suggest at that time that there were grounds for setting aside the jurisdictional judgments although, again, they were known to her at that time. In the meantime, mother refused to visit her children, and refused to have contact with the Department of Human Services. Under those circumstances, the juvenile court could permissibly conclude that setting aside the judgments at that late date would not be reasonable, in view of the interests of the children and the lack of justification for the delay.

Affirmed.