Submitted on record and briefs July 17, 1998, affirmed March 10, 1999

Jerry Stanley QUILLEN,
*Appellant,*

*v.*

ROSEBURG FOREST PRODUCTS, INC.,
as a business entity,
and individually and beyond their job duties,
Gerald Sells, Brian Geriard,
Michael Roberts and Glenn McDonald,
*Respondents.*

(97-CV-0177; CA A100270)

976 P2d 91

Jerry Stanley Quillen filed the brief *pro se* for appellant.

Dian S. Rubanoff filed the brief for respondents. With her on the brief were Nelson D. Atkin, II, David G. Hosenpud, and Lane Powell Spears Lubersky LLP.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

## WOLLHEIM, J.

Plaintiff appeals from the trial court's judgment for defendants after the trial court granted defendant's motion for summary judgment and denied plaintiff's motion for leave to amend his complaint. The summary judgment was based on the trial court's findings that plaintiff's claims were untimely and that plaintiff had "failed to come forward with any evidence creating a genuine issue of material fact of [sic] the merits of his claims." Plaintiff's motion for leave to amend was disallowed as untimely, without sufficient excuse, and unduly prejudicial to defendants. We affirm.

The relevant facts are undisputed. From 1968 through 1995, plaintiff was a millworker for defendant Roseburg Forest Products, Inc. In December 1995, the company concluded that plaintiff was responsible for a serious safety violation at the mill and terminated him. In February 1996, plaintiff filed a complaint with the Bureau of Labor and Industries (BOLI), alleging that he had been discharged in retaliation for sustaining a compensable injury. BOLI identified the statutory basis for the complaint as ORS 659.410.[1]

On November 14, 1996, BOLI mailed plaintiff a notice explaining that his case was being dismissed for lack of evidence. The notice included a "Notice of Right to File a Civil Suit," stating, "If you wish to file a civil suit against a private sector employer, you must do so within 90 days from the mailing date on this notice." Based on that mailing date, the 90-day period for filing a civil action expired on Wednesday, February 12, 1997. Plaintiff did not file his complaint until February 14, 1997, and later amended it in April 1997. Trial was set for November 18, 1997. Defendants[2] subsequently filed a motion for summary judgment, arguing first that plaintiff's action was time barred and second that plaintiff

---

[1] ORS 659.410(1) provides:

"It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 or of ORS 659.400 to 659.460 or has given testimony under the provisions of such sections."

[2] The other defendants besides Roseburg Forest Products, Inc. were four of plaintiff's coworkers at the company.

had failed to present any evidence of a genuine issue of material fact. In his response, plaintiff asked leave of the trial court to amend his complaint to include a claim for intentional infliction of emotional distress should the court hold that his original claims were untimely. That claim carries a two-year statute of limitations. ORS 12.110(1). Plaintiff's request was tendered less than three weeks before trial and contained no explanation of why it was not made sooner. The trial court granted defendants' summary judgment motion and denied plaintiff's motion to amend. This appeal followed.

■■ On appeal, plaintiff first assigns error to the trial court's order granting summary judgment for defendants. We review to ascertain whether the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. In so doing, we view the record in the light most favorable to the party opposing summary judgment. *Jones v. General Motors Corp.*, 325 Or 404, 420, 936 P2d 608 (1997). Plaintiff concedes that he filed his action after the 90-day deadline had passed. His sole argument on appeal is that under ORCP 10 C,[3] three days must be added to the BOLI time limit for filing a civil action. Defendants' response is that ORCP 10 is applicable "except where a different procedure is specified by statute," ORCP 1 A, and that such a procedure exists as a result of ORS 659.121(3), which specifies that, in the type of action brought by plaintiff, cases must be filed "*only* in accordance with the time requirements under ORS 659.095." (Emphasis added.) We agree with defendants.

ORS 659.095(1) gave plaintiff 90 days to file a civil action. It provided, in part:

"If prior to the expiration of one year from the filing of a complaint pursuant to [ORS 659.040(1) or 659.045(1)] the commissioner dismisses the complaint for any reason other than a dismissal pursuant to ORS 659.060(3), * * * the commissioner shall notify the complainant of said dismissal or

---

[3] ORCP 10 C provides:

"Except for service of summons, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

termination in writing, *and within 90 days after the date of mailing of such notice of dismissal or termination, a civil suit may be filed as provided for in ORS 659.121.*" (Emphasis added.)

ORS 659.121(3) exclusively controlled the filing period. That statute provides, in part:

"Where no complaint has been filed pursuant to ORS 659.040(1) or [ORS] 659.045(1) * * * the *civil suit or action * * * provided for herein shall be commenced only in accordance with the time limitations provided for in ORS 659.095.*" (Emphasis added.)

Plaintiff's argument, therefore, is not well taken. The three-day time extension allowed by ORCP 10 C does not apply in this instance because "a different procedure is specified by statute or rule." Without the three-day extension, plaintiff's action was time barred. The trial court did not err in granting summary judgment to defendants.

Plaintiff also assigns as error the trial court's denial of his motion for leave to amend the complaint. Plaintiff sought to include a cause of action for intentional infliction of emotional distress, which carries a two-year statute of limitations. We review the trial court's denial for abuse of discretion. *Jackson Co. v. Jackson Education Serv. Dist.*, 90 Or App 299, 303, 752 P2d 1224 (1988).

A pleading may be amended once as a matter of right; leave to amend thereafter is granted only by written consent of the adverse party or at the discretion of the trial court. However, leave to amend shall be freely given when justice so requires. ORCP 23 A. Abuse of that discretion occurs when a court exercises its discretion in a manner unjustified by, and clearly against, reason and evidence. *Far West Landscaping, Inc. v. Modern Merchandising, Inc.*, 287 Or 653, 664, 601 P2d 1237 (1979). Plaintiff argues that in denying him recourse against his employer, the trial court abused its discretion. Plaintiff, however, amended his complaint once and then asked leave to amend it again less than three weeks before trial, with no explanation for the lateness of his request. The court denied the request as unduly prejudicial to defendants. Under those circumstances, we cannot

say that the trial court acted in a manner unjustified by, and clearly against, reason and evidence.

Affirmed.