Argued and submitted March 10, affirmed August 25, 2004

Erica FORSI,
*Respondent,*

*v.*

Erin HILDAHL,
*Appellant.*

0110-11089; A120138

96 P3d 852

Julie D. Elkins argued the cause for appellant. With her on the brief was Cavanagh & Zipse.

Willard E. Merkel argued the cause for respondent. With him on the brief was Merkel & Associates.

Before Landau, Presiding Judge, and Armstrong, Judge, and Kantor, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

At issue in this personal injury case is whether the trial court erred in permitting plaintiff to amend her complaint on the day of trial to reduce her prayer for damages from over $27,000 to $5,500. The effect of the amendment was to enable plaintiff later to claim entitlement to attorney fees pursuant to ORS 20.080,[1] which permits an award of attorney fees in certain cases in which the amount pleaded is $5,500 or less. We conclude that the trial court did not abuse its discretion in permitting the amendment and therefore affirm.

The facts are not disputed. On May 16, 2001, as plaintiff was riding her bicycle, defendant hit plaintiff with her car. On October 8, 2001, plaintiff served defendant with a demand letter seeking $5,500 in damages. The demand letter stated that, if defendant did not accept that settlement offer, plaintiff would initiate an action for $5,500 in damages and would also seek attorney fees pursuant to ORS 20.080. Defendant's insurance company tendered an offer for $4,462.55, which plaintiff rejected. Plaintiff then initiated this action, seeking damages of $27,012.55.

The action proceeded to mandatory arbitration, and the arbitrator awarded plaintiff $3,178.28. Plaintiff appealed that award, seeking trial *de novo* in the circuit court. On October 15, 2002, plaintiff sent notice to defendant of her intent to file an amended complaint that reduced the prayer for damages to $5,500 and to seek attorney fees pursuant to ORS 20.080. Plaintiff also made an offer of settlement, for an amount less than $5,500, which defendant rejected.

---

[1] ORS 20.080(1) provides, in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint * * *. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action * * * an amount not less than the damages awarded to the plaintiff."

On October 18, 2002—the day of trial—plaintiff moved for leave to file the amended complaint. Defendant objected, arguing that she would suffer prejudice if plaintiff were permitted to reduce her prayer. According to defendant, had she known earlier that plaintiff intended to "amend down," she could have talked with her insurance company about settling to avoid the possibility of an attorney fee award under ORS 20.080. The trial court initially denied the motion, but it reconsidered midway through the trial and allowed plaintiff to amend.

The jury returned a verdict in plaintiff's favor for $5,500. Plaintiff submitted a request for attorney fees, and the trial court entered judgment for plaintiff, ultimately awarding her $5,500 in damages, $1,192 in costs, and $9,033.50 in attorney fees.

■ On appeal, defendant argues that the trial court erred in permitting plaintiff to amend her complaint to reduce the amount of damages pleaded so late in the proceeding. She argues that permitting plaintiff to reduce her prayer constituted an abuse of discretion because of "the sudden exposure to attorney fees" and because the court's decision subverted the policy encompassed in ORS 20.080 of encouraging settlements.

Plaintiff responds that the trial court did not abuse its discretion in permitting the amendment, given that the amendment introduced no new element of proof and *reduced* defendant's potential exposure by over $20,000. Moreover, she argues, permitting the amendment was entirely consistent with the policy of ORS 20.080 to encourage settlements. Plaintiff observes that she provided defendant the opportunity to settle the case for $5,500 several days before trial, when she notified defendant of her intent to reduce her prayer, and over a year before that, when she first sent a demand letter for $5,500.

■■ ORCP 23 A provides that, with leave of the court, a party may amend a pleading after a responsive pleading has been served and that "leave shall be freely given when justice so requires." We review a trial court's ruling on a motion for leave to file an amended complaint for abuse of discretion.

*Mitchell v. The Timbers*, 163 Or App 312, 317, 987 P2d 1236 (1999). The trial court abuses its discretion if it exercises that discretion in a manner that is unjustified by, and clearly against, reason and evidence. *Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 10, 976 P2d 91 (1999). It has been said that the trial court has "ample discretionary authority to allow amendments, provided the proffered amendment does not substantially change the cause of action or interject an entire new element of damage." *Cutsforth v. Kinzua Corp.*, 267 Or 423, 433-34, 517 P2d 640 (1973) (citation omitted).

■     In evaluating whether a trial court abused its discretion in ruling on a motion to amend, we have identified four relevant factors: (1) the proposed amendment's nature and its relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendment; and (4) the colorable merit of the proposed amendment. *Safeport, Inc. v. Equipment Roundup & Mfg.*, 184 Or App 690, 699, 60 P3d 1076 (2002), *rev den*, 335 Or 255 (2003). We turn, then, to an evaluation of this case in light of those factors.

First, plaintiff's amendment did not interject a new claim in the litigation. Nor did the amendment alter an element of any existing claim. It required nothing to be proved to the jury that was not already required to be proved. It merely lowered the amount of damages pleaded from $27,012.55 to $5,500.

Second, defendant has failed to identify any prejudice that she suffered as a result of the amendment. To be sure, she does complain about her "sudden exposure to attorney fees." We do not understand how that sudden "exposure" amounts to prejudice, at least not on the facts of this case. She neglects to factor into her prejudice argument the fact that, as a result of the amendment, her potential exposure was *reduced* by more than $20,000—over twice the amount of any additional exposure in the form of an attorney fee award. Moreover, as we have noted, the amendment did not introduce a new element into the proof of plaintiff's claims or of any defenses to those claims. No additional discovery was

required. Defendant was not required to expend any additional effort in responding to plaintiff's proof at trial.

Third, plaintiff did propose her amendment rather late in the proceedings. As noted, however, she did so after providing warning before trial of her intention to do so. Furthermore, as also noted, the amendment merely altered the amount of damages. *See Cont. Plants v. Measured Mkt.*, 274 Or 621, 629, 547 P2d 1368 (1976) (trial court did not abuse its discretion in permitting amendment of complaint midway through trial that merely modified the amounts prayed for).

Fourth, concerning the "merit" of the proposed amendment, there is no question that it is permissible to amend a complaint to reduce a damage prayer, even when the purpose is to be able to claim attorney fees under ORS 20.080. In *Rodriguez v. The Holland, Inc.*, 328 Or 440, 980 P2d 672 (1999), the plaintiff initially demanded from the defendant $4,000, which was then the maximum amount to which ORS 20.080 applied. When the defendant responded with a counteroffer of only $2,500, the plaintiff filed a complaint for damages in excess of $4,000. The case later was referred to arbitration. A few weeks before the arbitration hearing, the plaintiff moved to amend her complaint to reduce her damages to $4,000. The arbitrator allowed the amendment and ultimately awarded the plaintiff attorney fees under ORS 20.080. *Rodriguez*, 328 Or at 443-44.

On appeal, the defendant argued that ORS 20.080 applied only when the "amount pleaded" was no more than $4,000. According to the defendant, the statutory reference to "amount pleaded" must mean the amount in the initial complaint only. The defendant argued that, to permit a party to amend a complaint to reduce a prayer to take advantage of the attorney fees permitted under ORS 20.080 would frustrate the statutory policy of encouraging early settlement. The court held that "[e]ven if we agreed with defendant's argument it has no force here, because our only task is to discern the meaning of the phrase 'amount pleaded' in ORS 20.080. This court's statutory construction methodology, not policy considerations, guide that inquiry." *Rodriguez*, 328 Or at 446.

In this case, defendant's argument is similar to the argument unsuccessfully advanced by the defendant in *Rodriguez*. She argues that permitting plaintiff to amend her complaint to reduce her demand subverts the policy of the statute to encourage early settlement. As the court stated in *Rodriguez*, however, the legislative policy is expressed in statutory wording. And that wording does not prohibit the amendment of complaints to reduce damage amounts. Aside from that, it is not clear to us how permitting the amendment in this case subverts a policy of early settlement. Defendant had multiple opportunities to settle this case early on and thereby avoid liability for attorney fees under ORS 20.080.

After evaluating the case in light of all relevant factors, we conclude that the trial court did not abuse its discretion in permitting plaintiff to amend her complaint at trial.

Affirmed.