Argued and submitted February 14, affirmed March 11, 2020

V. G.,
*Petitioner-Appellant,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
Child Welfare Services,
Children, Adults and Families,
*Respondent-Respondent.*

Multnomah County Circuit Court
18CV43796; A170061

461 P3d 1104

Thomas M. Ryan, Judge.

Richard D. Cohen argued the cause and filed the briefs for appellant.

Julia Glick, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

Aoyagi, J., concurring.

## PER CURIAM

Petitioner appeals a trial court judgment dismissing his petition for judicial review of an administrative order. The trial court dismissed the petition as untimely, having been filed 67 days after the agency mailed the order to him. We affirm.

As relevant here, to obtain judicial review of an order in other than a contested case, a person must file a petition for judicial review "within 60 days" of "the date the order is served." ORS 183.484(2). "Date of service shall be the date on which the agency *delivered or mailed* its order in accordance with ORS 183.470." *Id*. (emphasis added); *see also* ORS 183.470(3) ("The agency shall notify the parties to a proceeding of a final order by delivering or mailing a copy of the order and any accompanying findings and conclusions to each party or, if applicable, the party's attorney of record.").

In this case, the agency mailed its order on July 23, and petitioner filed his petition for judicial review on September 28, *i.e.*, 67 days later. On the agency's motion, the trial court dismissed the petition as untimely. Petitioner claims error. He argues that, under ORS 183.484(2), the service date is either the delivery date "or" the mailing date, so, when an order is delivered by mail, the 60 days may be calculated from *either* date. In petitioner's view, his petition was timely because it was filed within 60 days of July 30, the date that the order was delivered (by mail) to him.

Petitioner's argument fails. When construing a statute, "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. Here, if we construed "delivered" to include delivered by mail, then the "mailed" language would have no effect. It would not apply to orders delivered by means other than mail, and, as to orders delivered by mail, it would have no practical application because the "delivered" date would always trump the "mailed" date. We therefore construe "delivered" to mean delivered by means *other than mail*.

Our construction is consistent with—if not mandated by—*Ososke v. DMV*, 320 Or 657, 891 P2d 633 (1995). The issue in *Ososke* was how to calculate the 60-day period to petition for judicial review of an administrative order in a contested case under ORS 183.482. Like ORS 183.484, ORS 183.482 requires a petition to be filed "within 60 days" of the date of service, and it defines the date of service as "the date on which the agency delivered or mailed its order in accordance with ORS 183.470." In that context, the Supreme Court stated that, when an agency serves a final order by mail, "the date on which [the] final order is deposited in the mail is the date of service and, therefore, the date from which the statute measures the 60-day limit to file a petition for judicial review." *Ososke*, 320 Or at 660. The same result must adhere in our construction of the same language in ORS 183.484.

Under ORS 183.484, when an agency serves a final order in other than a contested case by mail, the date on which the order is deposited in the mail is the date of service and, therefore, the date from which the 60 days runs. The trial court did not err in dismissing petitioner's petition for judicial review as untimely.

Affirmed.

**AOYAGI, J.,** concurring.

The majority's conclusion that "delivered" in ORS 183.484(2) means delivered by means *other than mail* is legally sound and, to lawyers and judges, entirely logical. In particular, it comports with the canon that we must construe a statute, if possible, so as to give effect to all of its particulars. *See* ORS 174.010. I therefore cannot and do not disagree with the majority's reasoning or disposition.

I write separately only to recognize how problematic it is when a statute that sets forth procedures and deadlines to obtain access to the courts—including judicial review of agency proceedings—is written in such a manner that people cannot rely on the ordinary meaning of words. In the ordinary sense of the word, "delivered" unequivocally includes something delivered by mail. *See Webster's Third New Int'l Dictionary* 597 (unabridged ed 2002) (defining "deliver" to

mean "GIVE, TRANSFER," including to "make delivery of"); *see also id.* at 1361 (defining "mail carrier" to mean "one that delivers mail along an established route"); United States Postal Service, *Mail & Shipping Services*, https://www.usps.com/ship/mail-shipping-services.htm (accessed Mar 3, 2020) (repeatedly using the word "delivery" to describe what the United States Postal Service does with mail).

A lawyer or judge may look at ORS 183.484(2), recognize that "delivered" *could* mean something other than just "delivered," and then decipher that here "delivered" means delivered by means *other than mail*. But, to do so, the reader must know to apply the canon of construction regarding giving effect to all the particulars in a statute—and work out how that applies here—as well as discern that this is one of those instances in which that canon trumps the equally well-established canon that we typically interpret words in statutes to have their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Jurisdictional statutes should not be so difficult to understand.

When a jurisdictional statute is unclearly written, it inevitably will lead to some cases being dismissed on procedural grounds even though, as here, the petitioner or appellant relied on the ordinary meaning of the statutory words. That is extremely unfortunate. In my view, ORS 183.484(2) sets an unnecessary jurisdictional trap that, hopefully, may be corrected by the legislature at some point.

In the meantime, I cannot fault the majority's construction of ORS 183.484, given the applicable canons of construction, and therefore concur.