Argued and submitted January 12, 2021, affirmed March 2, 2022

Philip MOODY,
*Petitioner-Appellant,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Polk County Circuit Court
19CV05487; A172656

507 P3d 749

Petitioner petitioned under ORS 183.484 for judicial review of a final Department of Human Services (DHS) order other than contested case. The trial court entered a general judgment dismissing the petition as untimely because petitioner filed it 62 days after the date that DHS mailed it. The main question on appeal is whether ORCP 10 B extends the 60-day time period specified in ORS 183.484 by an additional three days, such that a petition filed within 63 days of the date of mailing would be timely. *Held*: Pursuant to ORCP 1 A, the Oregon Rules of Civil Procedure supply the operative procedures for proceedings in the circuit courts except when an applicable statute or rule supplies a different procedure. ORS 183.484 explicitly specifies a different procedure than the procedure specified by ORCP 10 B, and thus ORCP 10 B does not apply. ORS 183.484 grants a person exactly 60 days from the date of mailing to file a petition.

Affirmed.

Norman R. Hill, Judge.

Mark Kramer argued the cause for appellant. Also on the brief was Kramer & Associates.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen R. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.*

LAGESEN, C. J.

Affirmed.

_____
* Lagesen, C. J., *vice* DeHoog, J. pro tempore.

**LAGESEN, C. J.**

Petitioner petitioned under ORS 183.484 for judicial review of a final Department of Human Services (DHS) order other than contested case. The trial court entered a general judgment dismissing the petition as untimely because petitioner filed it 62 days after the date that DHS mailed it. The main question on appeal is whether ORCP 10 B extends the 60-day time period specified in ORS 183.484 by an additional three days, such that a petition filed within 63 days of the date of mailing would be timely. Concluding that it does not, we affirm.

The relevant facts are procedural and not disputed. DHS mailed the final order at issue on or before December 1, 2018, and the parties agree that December 1, 2018, should be treated as the date of mailing. Petitioner received the final order on December 4, 2018. On February 1, 2019, 62 days after December 1, 2018, petitioner filed a petition for judicial review of the DHS order in the Polk County Circuit Court.

DHS moved to dismiss as untimely. It pointed out that ORS 183.484 requires petitions for judicial review of final orders other than contested cases "be filed within 60 days only following the date the order is served" by either delivery or placement in the mail. ORS 183.484(2); ORS 183.470(3); *see also V. G. v. Dept. of Human Services*, 302 Or App 804, 806, 461 P3d 1104, *rev den*, 366 Or 760 (2020) ("Under ORS 183.484, when an agency serves a final order in other than a contested case by mail, the date on which the order is deposited in the mail is the date of service and, therefore, the date from which the 60 days runs."). The trial court granted the motion, rejecting petitioner's arguments that ORCP 10 B applied to extend the 60-day period by three days. The court also rejected petitioner's argument that the failure to extend the 60-day period by three days would result in a violation of his due process rights.

Petitioner appeals. He assigns error to the trial court's grant of DHS's motion to dismiss, contending, as he did below, that the trial court erred when it concluded that ORCP 10 B did not apply to extend the 60-day period for

filing his petition for judicial review and that a conclusion to the contrary would violate his right to due process.

Whether ORCP 10 B applies to extend the 60-day period in ORS 183.484 where, as here, an agency serves its final order by mail, presents a question of law. We therefore review for legal error. *Cascadia Wildlands v. Dept. of State Lands*, 293 Or App 127, 139, 427 P3d 1091 (2018), *aff'd*, 364 Or 294, 434 P3d 965 (2019). Because the question is one of statutory construction, we resolve it by examining the text of the relevant statutory provisions, in context, together with legislative history as necessary and appropriate. *State v. Wulf*, 314 Or App 802, 805, 500 P3d 754 (2021). In this instance, the text of ORS 183.484(2) is dispositive: a petition for judicial review of an order other than contested case must be filed within 60 days of the date the agency mailed the order. That means that ORCP 10 B does not apply to supply a different timeline.

We start with ORS 183.484(2). It states in relevant part: "Petitions for review shall be filed within 60 days only following the date the order is served ***. Date of service shall be the date on which the agency delivered or mailed its order in accordance with ORS 183.470." ORS 183.470(3) adds in relevant part: "The agency shall notify the parties to a proceeding of a final order by delivering or mailing a copy of the order and any accompanying findings and conclusions to each party or, if applicable, the party's attorney of record." There is only one plausible reading of those provisions. To be timely, a petition for judicial review of an order other than contested case "*shall* be filed within 60 days" of the date of service which is, as relevant, the date of delivery or the date of mailing, if mailed. (Emphasis added.) Accordingly, when an agency serves a final order by mail, the procedure specified by ORS 183.484's plain text mandates—through its use of the word "shall"—that any petition for review be filed within 60 days of the date of mailing.

Petitioner nonetheless argues that ORCP 10 B means that he had 63 days from the date of mailing in which to file his petition for judicial review. That provision states:

> "Except for service of summons, whenever a party has the right to or is required to do some act within a prescribed

> period after the service of a notice or other document upon that party and the notice or document is served by mail, e-mail, facsimile communication, or electronic service, 3 days shall be added to the prescribed period."

ORCP 10 B. Petitioner reasons that, because DHS served its order by mail, ORCP 10 B gave him three extra days, beyond the 60 days specified in ORS 183.484(2), to file his petition for judicial review.

That argument falters in the light of ORCP 1 A. ORCP 1 A explains that the Oregon Rules of Civil Procedure supply the operative procedures for proceedings in the circuit courts *except* when an applicable statute or rule supplies a different procedure: "These rules govern procedure and practice in all circuit courts of this state, except in the small claims department of circuit courts, for all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin *except where a different procedure is specified by statute or rule*." ORCP 1 A (emphasis added); *see, e.g.*, *Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 9-10, 976 P2d 91 (1999) (rejecting contention that ORCP 10 operated to extend time for filing complaint where statute specified that complaint must be filed within 90 days "after mailing" of applicable notice). And in this instance, ORS 183.484 specifies a different procedure than the procedure specified by ORCP 10 B. By explicitly linking the 60-day filing period to the date of mailing of the agency's order, the legislature signaled its intention that a person have exactly 60 days from the date of mailing to file a petition, and did not intend for a person to have the 63 days from the date of mailing that would result from application of ORCP 10 B. Said another way, where, as here, the legislature states explicitly that a period of a specified length starts to run on the date of mailing, ORCP 10 B necessarily does not apply to extend that period by three days based on the fact of mailing. By running a period of a specified number of days from a date of mailing, the legislature indicates its intention that the period extend exactly that number of days from the date of mailing and no more. *See Quillen*, 159 Or App at 9-10 (*former* ORCP 10 C did not extend 90-day time period where

operative statute specified that the time period ran from the date of mailing).[1]

Petitioner also argues that the failure to apply the extra three days results in a violation of his due process rights. That argument is not highly developed and, in all events, we are not persuaded on these facts that enforcing the 60-day period specified by the legislature amounts to a due process violation in view of the fact that petitioner received the agency's order in the mail long before the expiration of the filing period.

Affirmed.

---

[1] The wording formerly found in ORCP 10 C is now found in ORCP 10 B. *See, e.g.*, *Quillen*, 159 Or App at 9 n 3.