***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 30, 2022, affirmed April 19, petition for review denied August 31, 2023 (371 Or 332)

Mary THOMSON,
*Petitioner-Appellant,*

*v.*

OREGON DEPARTMENT OF
HUMAN SERVICES, Child Welfare,
*Respondent-Respondent.*

Lane County Circuit Court
20CV22704; A175425

Amit K. Kapoor, Judge.

Michael D. Vergamini argued the cause and filed the briefs for appellant.

Derek Olson, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, and Nicholas C. Greenfield, Assistant Attorney General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

JOYCE, J.

Affirmed.

_____
  * Jacquot, J., *vice* James, J. pro tempore.

**JOYCE, J.**

Petitioner filed her petition for judicial review of a final Department of Human Services (DHS) order 61 days after the date DHS mailed it.[1] The trial court granted summary judgment for DHS after concluding that the petition was time barred and thus the court lacked jurisdiction to hear the case. *See* ORS 183.484 (2) ("Petitions for review shall be filed within 60 days only following the date the order is served[.]"); *V. G. v. Dept. of Human Services*, 302 Or App 804, 806, 461 P3d 1104, *rev den*, 366 Or 760 (2020) (Under ORS 183.484(2), "when an agency serves a final order in other than a contested case by mail, the date on which the order is deposited in the mail is the date of service[.]"). Petitioner concedes that her petition was untimely, but she argues, in a single assignment of error, that the implied right of notice in the Due Process Clause of the Fourteenth Amendment of the United States requires the court to accept her late petition because the envelope containing the final order had no postmark date to notify her when the order was "served." There are no disputes of fact; we thus review the trial court's grant of summary judgment to determine whether DHS was entitled to judgment as a matter of law. *Hinchman v. UC Market, LLC*, 270 Or App 561, 566, 348 P3d 328 (2015). We affirm.

The Due Process Clause requires an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 US 319, 333, 96 S Ct 893, 47 L Ed 2d 18 (1976) (internal quotation marks omitted). In the context of an implied right of notice under due process, the standard for what amounts to constitutionally adequate notice is "fairly low." *Espinosa v. United Student Aid Funds, Inc.*, 553 F3d 1193, 1202 (9th Cir 2008), *aff'd*, 559 US 260, 130 S Ct 1367, 176 L Ed 2d 158 (2010). The standard is met if notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*,

---

[1] DHS mailed the final order at issue on April 28, 2020, to petitioner, by certified mail. Petitioner received it on May 1, 2020. On June 30, 2020, 61 days after the mailing date, petitioner filed a petition for judicial review of the DHS order.

339 US 306, 314, 70 S Ct 652, 94 L Ed 865 (1950); *see also Espinosa*, 553 F3d at 1203 ("Whatever is notice enough to excite attention and put the party on [their] guard and call for inquiry, is notice of everything to which such inquiry may have led." (Internal quotations marks omitted.)).

As relevant here, we must determine whether the final order met the "fairly low" standard for providing petitioner constitutionally adequate notice despite the fact that it did not contain a postmark on the envelope.

We note at the outset that petitioner's due process argument is somewhat spare. In her opening brief, she argues that she did not receive constitutionally adequate notice of DHS's service because there is no postmark to notify her of the mailing date of the final order. She did not explain what property or liberty interest the government deprived her of, nor did she engage with the analytical framework for assessing due process claims. *Mathews*, 424 US at 335 (setting forth three factors to assess such a claim). In her reply brief, she acknowledges that the standard for notice is "fairly low," but again—beyond a bare assertion that constitutionally adequate notice requires notice of the date of service—she does not develop an argument for how or why DHS's actions violated due process.

In any event, petitioner has not demonstrated, as she contends without elaboration in her brief, that she "was not reasonably apprised of the date of mailing due to an accidental lack of a post mark or metered date stamp on the envelope." *See State v. Lawson/James*, 352 Or 724, 747, 291 P3d 673 (2012) (noting that in the context of a due process challenge, it is the challenging party who "generally bears the initial burden of proof").

Here, it is undisputed that DHS promptly mailed the order to petitioner on April 28, one day after its issuance, and petitioner received it on May 1, 2020, nearly two months before the filing deadline. Although the face of the envelope containing the final order did not have a postmark date,[2] both the tracking receipt and the certified mail stamp on the envelope containing the final order had a tracking number

---

[2] The record does not indicate whether the absence of postmark was caused by the postal service or DHS.

that petitioner could look up online or use to refer to in a telephone call to the United States Postal Service (USPS) to find out when USPS received the letter from DHS. It is uncontested that without a postmark, there were at least three alternative ways for petitioner to find out the mailing date of the order in this case. Petitioner could (1) call USPS; (2) use the USPS online tracking tool on an electronic device, such as a phone or computer; or (3) call DHS at the number featured on the letterhead of the final order. At oral argument, petitioner stated that petitioner did not have a computer, and she had to travel to a public library to look up the tracking number online. Those facts are not in the record. Even with those facts in mind, petitioner does not address her ability to learn the date of mailing by phone or otherwise explain why looking up the tracking online was an unreasonable method for her, especially considering that petitioner had 59 days after she received the order and before the expiration of the filing period to find out the mailing date.

Moreover, as petitioner acknowledges, the missing postmark in this case was "accidental" and probably a "postal anomaly." *See Woodroffe v. Board of Parole*, 219 Or App 87, 98, 182 P3d 202 (2008) (noting that the "focus of procedural due process analysis is one of general applicability as opposed to the 'rare exception'" (quoting *Mathews*, 424 US at 344)). Petitioner does not otherwise argue what more the agency could have done—*i.e.*, what more process was due—to comply with the due process requirement from her perspective. We are thus unable to assess the probable value of additional or substitute procedural safeguards and the fiscal and administrative burdens that they would entail. *See Mathews*, 424 US at 335 (due process challenge requires consideration of the probable value, if any, of additional or substitute procedural safeguards; and the state's interest and administrative burdens in implementing the change).

Under the facts of this case, we are unpersuaded that DHS's service of notice is violative of petitioner's due process rights. Thus, the trial court did not err in dismissing the case as it lacked authority to hear petitioner's untimely petition under ORS 183.484.

Affirmed.