No. 174        March 11, 2026        551

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Elizabeth Kristjana SHIBAHARA,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
Department of Human Services, Child Welfare,
*Defendant-Respondent.*

Marion County Circuit Court
23CV29091; A182971

Daniel J. Wren, Judge.

Submitted January 6, 2025.

Elizabeth Shibahara filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____
  *  Lagesen, Chief Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Petitioner appeals from an order granting summary judgment to the state on the grounds that her petition for judicial review of an order in other than contested case was untimely. Appearing *pro se* on appeal, petitioner raises six assignments of error. As an initial matter, we reject petitioner's fourth assignment as irrelevant because whether the state filed a timely answer to the petition for review was not at issue in the motion for summary judgment.[1] In her sixth assignment of error, petitioner asserts that the trial court abused its discretion in not requiring a declarant to testify as to the meaning of the term "mailed." All of petitioner's other assignments challenge the trial court's grant of summary judgment to the state on the grounds that her petition was untimely. Because petitioner failed to establish a material issue of fact as to the date the order was mailed, and, thus, the timeliness of her petition, we affirm.

We write to address those assignments of error. Petitioner sought review of an order of Child Welfare Services ("the agency") finding that there was reasonable cause to believe that she physically abused her grandson, which was mailed to her with a letter from the agency dated May 18, 2023. Her petition, which was required to be filed within 60 days after the order was served under ORS 183.484(2), was filed on July 20, 2023. The statute defines the date of service as "the date on which the agency delivered or mailed its order * * *." ORS 183.484(2).

The agency moved for summary judgment dismissing the petition for lack of jurisdiction, arguing that it was filed more than 60 days after service of the order. It supported its motion with a declaration from an agency employee, Erica Tackman, testifying that she deposited the order in the mail on May 19, 2023. The declaration was accompanied by a certified mail receipt bearing that date.

---

[1] Regardless, the state's notice of intent to appear pursuant to ORCP 69 B was timely. Petitioner failed to meet the manner of service requirements of ORCP 7 D(3)(g) by mailing the petition rather than leaving true copies at the Attorney General's office. Even assuming the service was proper, the state filed its notice of intent to appear within the 30-day limit, given that the state was not served until July 24, 2023. *See* ORCP 7 D(2)(d)(ii).

The petition was not filed until July 20, 2023, more than 60 days later.

As she did below, petitioner makes several attempts to raise a material issue of fact as to when the order was mailed. She argues first that the envelope she received is dated May 22 and had a Pitney Bowes meter stamp rather than a postmark, and second, that the document was not mailed under the legal definition until the date that appears on the envelope received by petitioner. Petitioner also challenges the trial court's interpretation of the case law holding that "when an agency serves a final order in other than contested case by mail, the date on which the order is deposited in the mail is the date of service and, therefore, the date from which the 60 days runs." *V. G. v. Dept. of Human Services*, 302 Or App 804, 806, 461 P3d 1104, *rev den*, 366 Or 760 (2020). Petitioner asserts that the trial court should have required Tackman to testify to the meaning she assigned to the term "mailed" in her declaration. To support her positions, petitioner proffers a theory that the mail was locked in the agency's facilities over the weekend and, as a result, could not have been mailed on May 19. None of petitioner's arguments create a genuine issue of material fact on this record.

We review an order granting summary judgment for errors of law, "determining whether the summary judgment record shows that there are no genuine issues of material fact and that [the moving] party was entitled to judgment as a matter of law." *Horsefly Irrigation/Langell Valley v. DEQ*, 344 Or App 23, 33, 580 P3d 874 (2025) (citing *Fort Klamath Critical Habitat Landowners, Inc. v. Woodcock*, 334 Or App 509, 519, 557 P3d 543 (2024)). No genuine issue of material fact exists "where no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Hayes Oyster Co. v. DEQ*, 316 Or App 186, 193 (2021), *rev den*, 369 Or 507 (2022). When evaluating the evidence presented by both parties, "an adverse party cannot create a genuine issue of material fact by relying on the flat disbelief of presented testimony to establish an alternate version of what transpired." *Id.* at 194 (internal quotation marks and citations omitted).

Petitioner failed to establish a genuine issue of material fact as to the date the order was placed in the mail. "Under ORS 183.484, when an agency serves a final order in other than a contested case by mail, the date on which the order is deposited in the mail is the date of service and, therefore, the date from which the 60 days runs." *V. G.*, 302 Or App at 806. While we recognize that the only date that appears on the envelope that petitioner received is May 22[2] and that the tracking information reflects that Portland's United States Postal Service facility did not receive it until May 23, those facts do not refute Tackman's sworn declaration and receipt stating that she placed the order in the mail on May 19. As our case law clearly states, the date on which the order is deposited in the mail is the date of service. Thus, the trial court correctly granted summary judgment.

We also conclude that the trial court did not abuse its discretion by refusing to order Tackman to testify to what definition she gave the term "mailed" in her declaration. To refute a summary judgment motion supported by a declaration, petitioner "may not rest on the mere allegations or denials of that party's pleading; rather, the adverse party's response, by affidavits, declarations, or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial." ORCP 47 D. Petitioner did not adequately show that the declaration was ambiguous as to the definition of "mailed" such that the trial court should have required Tackman to clarify her sworn declaration. The trial court did not abuse its discretion in ruling on the evidence presented at the summary judgment hearing.

Affirmed.

---

[2] Whether the visible date on the envelope is a meter stamp instead of a postmark is irrelevant to this appeal. Neither date contradicts the sworn declaration of Tackman that she placed the order in the mail on May 19. To the extent that petitioner argues for the first time on appeal that the state's service was inadequate because it was not postmarked, that argument is unpreserved, and we do not address it.