Argued and submitted April 5 on appellant's motion to stay previous judgment/order filed March 21, motion to stay previous judgment/order denied, affirmed June 7, petition for review denied October 5, 2023 (371 Or 476)

In the Matter of S. A. B.,
preferred name S. B., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. A. B.,
preferred name S. B.,
*Respondent,*

*v.*

T. B.,
*Appellant.*

Union County Circuit Court
22JU01584; A179763

531 P3d 718

Father appeals a juvenile court judgment ordering him to transfer child's emotional support animal to child. In father's sole assignment of error, he argues that the juvenile court erred in ordering father to transfer child's emotional support animal to child as the juvenile court lacked authority to order him to do so. *Held*: The juvenile court had authority to order father to transfer child's emotional support animal to child under ORS 419B.385 and did not abuse its discretion by doing so.

Motion to stay previous judgment/order denied; affirmed.

Wes Williams, Judge.

Elena Stross, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Erica Hayne Friedman argued the cause for respondent child. Also on the brief was Youth, Rights & Justice.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Motion to stay previous judgment/order denied; affirmed.

**EGAN, J.**

In this juvenile dependency case, father appeals a juvenile court judgment ordering him to transfer child's dog to child.[1] The court determined that the dog was child's emotional support animal and as such it was authorized to transfer the dog to child's care under ORS 419B.385. Father argues that the juvenile court lacked authority to order him to transfer possession of the dog to child as no provision of ORS chapter 419B provides the juvenile court with authority to do so. Father also asserts that the dog is his personal property, not child's property. This case requires that we determine whether the juvenile court has authority to order the transfer of an emotional support animal under ORS 419B.385. For the reasons explained below, we conclude that the juvenile court's order was authorized and we affirm the juvenile court's judgment.

Father has not requested *de novo* review, and this is not an exceptional case warranting such review. *See* ORS 19.415(3)(b) (giving court discretion to review *de novo*); ORAP 5.40(8)(c) (court exercises discretion to review *de novo* "only in exceptional cases"). Whether the juvenile court has authority to make a particular order is reviewed for legal error. *See Dept. of Human Services v. T. C. A.*, 251 Or App 407, 414-15, 283 P3d 956, *rev den*, 352 Or 665 (2012). If we determine that the juvenile court does have the authority to make a particular order, we review the juvenile court's dispositional order for an abuse of discretion. *Id*. We are bound by the juvenile court's findings of historical fact if there is any evidence in the record to support them. *Id*. Furthermore, "we presume that the court made any necessary implicit factual findings in a manner consistent with its ultimate legal conclusion." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 133, 413 P3d 1005 (2018).

Father admitted to two jurisdictional bases in May 2022: (1) that father had "previously received services but is currently unable to safely parent child"; and (2) that father's "parenting is negatively affecting the child's mental health,

---

[1] Father moves for a stay of the trial court's order to transfer youth's dog to youth's care. That motion is denied.

placing the child at risk of harm." Based on father's admissions, the juvenile court entered a jurisdiction and disposition judgment over child. The court ordered that father "[p]articipate with child's mental health providers in services to" child and "[c]ooperate with [Oregon Department of Human Services] for purposes of case planning, provision of services, and visitation."

The child, S, moved for a review hearing in August 2022, and submitted a declaration in support stating that child "has an emotional support dog" and "[t]hat dog is currently in the possession of father." During the hearing, S testified that he shared "an emotional bond" with the dog, that he suffers from panic attacks, and that he has difficulty sleeping at night and staying asleep because he worries about the dog. Child explained that the dog helps him calm down and get through his panic attacks as it is comforting to have the dog's presence near him.

The child's therapist testified that child is diagnosed with "reactive attachment disorder of childhood; posttraumatic stress disorder, complex; major depressive disorder, recurrent; and gender identity disorder." The therapist testified that child's symptoms are exacerbated by separation from the dog and that S talks about missing and worrying about the dog on a weekly basis. Furthermore, the therapist stated that "emotional support dogs can be a huge, huge, huge protective factor in someone's care and treatment" and that it would be therapeutically beneficial for child to have that benefit. The therapist also clarified that "[i]n theory, it could be a different dog, but—part of the anxiety that [child] faces stems from it being this dog." The therapist felt that because of the bond that child shares with the dog, child's emotional support dog should be this particular dog.

Child's court-appointed special advocate (CASA) testified that child "is in survival mode" and that he has expressed concern for the dog every time that they have met. Furthermore, the CASA explained that being granted the dog is in child's best interest and that S having the dog as his emotional support animal "will help him to have some security and help [his] emotional stability."

Father testified that the dog is legally his as child's grandmother purchased the dog from the shelter for him. Father explained that the dog is deaf and as a result he keeps the dog tied up with twine as the dog's behavioral issues result in her running to the highway and possibly being ran over by a car. Father testified that the dog's consistent barking is beneficial for him as it keeps racoons away from his chickens and deters thieves from entering his property. Lastly, father testified that while he supports child being given an emotional support dog, that this dog is his dog, and that S does not have a close enough relationship with this dog to justify the dog being placed in child's care and possession.

The court determined that child shares a bond with the dog "that may never exist with another dog" and that child having the dog as his emotional support dog would benefit child. The court ordered that the dog be transferred to child's care as an emotional support animal as a form of counseling under ORS 419B.385, and cited ORS 419B.090 to support that ruling.

On appeal, father argues that the court lacked authority to order him to transfer the dog to child as an emotional support animal and that none of the ORS chapter 419B provisions granted the court authority to do so. Father argues that an emotional support animal does not fall within the definition of "counseling" as provided in ORS 419B.385 and that the child's best interest is not the sole consideration when determining the juvenile court's authority to order a parent to take a particular action. Essentially, father's argument is that the court's order was tantamount to an order that father give child father's personal property, as father argues that the dog was his property.

ORS 419B.385 provides that:

"A parent or legal guardian of a ward, if such parent or guardian was served with summons under ORS 419B.812 to 419B.839 prior to the adjudication, is subject to the jurisdiction of the court for purposes of this section. The court may order the parent or guardian to assist the court in any reasonable manner in providing appropriate education or *counseling* for the ward."

(Emphasis added.) When interpreting a statute, our goal is to determine the legislature's intent by examining the statutory text in context along with any legislative history that appears useful to our analysis. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). "Counseling" is not defined in the Juvenile Code and therefore we must determine what the legislature intended when it used "counseling" in ORS 419B.385. When terms are not defined by statute, we ordinarily assume that the legislature intended to give words of common usage their plain, natural, and ordinary meanings and we often consult dictionaries for guidance in determining what the legislature would have understood a term to mean. *Dept. of Human Services v. F. J. M.*, 370 Or 434, 445, 520 P3d 854 (2022).

"Counseling" is defined as "a practice or professional service designed to guide an individual to a better understanding of his problems and potentialities by utilizing modern psychological principles and methods esp[ecially] in collecting case history data, using various techniques of the personal interview, and testing interests and aptitudes." *Webster's Third New Int'l Dictionary* 518 (unabridged ed 2002). Child argues that the definition should be understood to mean "various forms of professional services directed at helping a person address their psychological problems." Father does not dispute the definition of "counseling" but states that "just because something might benefit one's emotional well-being does not make it fall within the definition" and that an "'emotional support animal' does not fit within that definition."

As to context, given that "[t]he context of a statute may include other provisions of the same statute and related statutes" we look to ORS 419B.090. *Mcaughlin v. Wilson*, 292 Or App 101, 105, 423 P3d 133 (2018), *aff'd*, 365 Or 535, 449 P3d 492 (2019) (internal quotation marks omitted). ORS 419B.090(c) provides that: "[t]he provisions of this chapter shall be liberally construed to the end that a child coming within the jurisdiction of the court may receive such care, guidance, treatment and control as will lead to the child's welfare and the protection of the community." Furthermore, ORS 419B.090(3) provides, in relevant part, that: "[i]t is the

policy of the State of Oregon to safeguard and promote each child's right to safety, stability and well-being."

We conclude that the term "counseling" in ORS 419B.385 does include the use of emotional support animals based on the definition provided in *Webster's* as well as the guidance provided in ORS 419B.090. The requirement that we "liberally construe[ ]" the provisions of ORS chapter 419B in order to "lead to the child's welfare" demonstrates that the legislature intended that the juvenile court have authority to make orders, that while not explicitly provided for by statute, fall under the provisions in ORS chapter 419B. In our view, giving child his emotional support dog is consistent with the State of Oregon's policy to "safeguard and promote each child's right to safety, stability and well-being." ORS 419B.090(3). ORS 419B.385 provides that "[t]he court may order the parent or guardian to assist the court in any *reasonable* manner in providing appropriate education or *counseling* for the ward." (Emphases added.) Therefore, the court is authorized under ORS 419B.385 to order a parent to support efforts in providing counseling for a child by providing the child's emotional support animal, as that is a reasonable request that parent provide support to meet child's counseling needs. Especially where, as explained below, the evidence would permit a finding that the dog in question is in fact child's emotional support animal.

The evidence in this case would permit a finding that child would highly benefit from having this particular dog as his emotional support dog. First, child's therapist testified that it "would be therapeutically beneficial for child" as child shares a strong bond with the dog and that child's symptoms are exacerbated by separation from the dog. Second, child's therapist testified that even though child may be able to benefit from another dog as his emotional support animal, that it is in the best interests of child that this particular dog be granted as his emotional support animal because the anxiety experienced by child is partly due to separation from this particular dog. Furthermore, as child explained, he shares an "emotional bond" with this particular dog and his mental health symptoms are lessened by the dog's presence. In addition, the CASA testified that child brings up his concern for this particular dog

during every encounter and that being granted this dog as his emotional support animal will provide child with emotional stability and security which will help child navigate his mental health symptoms. Therefore, the evidence in this case allowed for a determination that this particular dog is not just a pet, but rather is an emotional support animal for child, as evidenced by child's strong emotional bond with this particular dog and various testimony demonstrating that this particular dog will contribute to child's well-being by providing child with emotional stability and security.

Therefore, we conclude that the juvenile court had the authority to order father to transfer possession of child's emotional support dog to child under ORS 419B.385 because the use of emotional support animals is a form of "counseling" and that the court did not abuse its discretion by doing so.

As for father's argument that the court was not authorized to make such an order because the dog was his personal property, we disagree. Courts routinely order parents in dependency proceedings to provide support for their children. In this case, we conclude ordering father to transfer possession of the dog to child was reasonable under ORS 419B.385.

In sum, the juvenile court had authority to order father to transfer child's emotional support animal to child under ORS 419B.385 and did not abuse its discretion by doing so.

Motion to stay previous judgment/order denied; affirmed.