No. 844 November 27, 2024 373

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Z. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

Z. W.,
*Respondent,*

*v.*

J. S. C.,
*Appellant.*

Clackamas County Circuit Court
22JU05924; A182981 (Control)

In the Matter of Z. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

Z. W.,
*Respondent,*

*v.*

J. S. C.,
*Appellant.*

Clackamas County Circuit Court
22JU05925; A182988

In the Matter of N. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

N. C.,
*Respondent,*

*v.*

J. S. C.,
*Appellant.*

Clackamas County Circuit Court
22JU05926; A182989

Colleen F. Gilmartin, Judge.

Submitted May 23, 2024.

Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for respondent children.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

In this juvenile dependency case, mother appeals the juvenile court's order denying her motion to bar the Department of Human Services' (DHS) disclosure of her psychological evaluation to father pursuant to *former* ORS 419B.881(6) (2021).[1] Mother and the children contend that the juvenile court erred in denying mother's motion to bar disclosure to father based on its misapprehension that it lacked statutory authority. We conclude that the juvenile court erred in its determination that it lacked statutory authority and, from that, in its determination that mother had not established "good cause" under *former* ORS 419B.881(6) (2021) to restrict the disclosure. Thus, we reverse and remand.

The children request *de novo* review, but this is not an exceptional case warranting such review. *See* ORS 19.415(3)(b); ORAP 5.40(8)(c). "Whether the juvenile court has authority to make a particular order is reviewed for legal error." *Dept. of Human Services v. T. B.*, 326 Or App 192, 194, 531 P3d 718, *rev den*, 371 Or 476 (2023). Accordingly, we review the juvenile court's determination for errors of law.

*Former* ORS 419B.881(6) (2021) provides that "[u]pon a showing of good cause, the court *may* at any time order that specified disclosure be denied, restricted or deferred or make such other order as is *appropriate*." (Emphases added.) In other words, first, a party must establish "good cause" to restrict disclosure under *former* ORS 419B.881(6) (2021). Consonant with the purpose of the juvenile code on dependency, the juvenile court can consider various factors in determining whether "good cause" exists to prevent disclosure to another party. ORS 419B.090 (setting forth policy objectives of the juvenile code); *see Dept. of Human Services v. R. O.*, 316 Or App 711, 725, 504 P3d 674 (2022) (concluding that the juvenile court did not legally err in its "good cause" determination to restrict disclosure of the child's psychological information to the parents because the court was guided by the concern for the child's well-being and goal of expediting reunification, which are two of the primary purposes of the juvenile code).

---

[1] *Former* ORS 419B.881(6) (2021), *renumbered as* ORS 419B.881(7) (2024).

Once a party establishes "good cause," the "plain text of [*former* ORS 419B.881(6) (2021)] makes a restriction on disclosure [of specific information] discretionary with the juvenile court \*\*\*." *R. O.*, 316 Or App at 724. The court's discretionary review may include balancing the parties' "legal rights and interests" to determine whether to restrict disclosure. *Id.* at 725. If that determination was within the "'range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the court did not abuse its discretion.'" *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 534, 317 P3d 950 (2014) (quoting *State ex rel Juv. Dept. v. D. J.*, 215 Or App 146, 155, 168 P3d 798 (2007).

Here, although mother agreed to allow father's attorney to have access to the psychological evaluation, she sought to prevent father, personally, from having access to the entire record. The juvenile court concluded that it lacked authority to make the requested restriction on disclosure to father, because father's constitutional rights as a party to the proceeding prevented a conclusion that mother had established "good cause":

> "THE COURT: I do not believe this Court has the authority to prevent one party from having the same information on a case that all other parties would have.
>
> "\* \* \* \* \*
>
> "I don't know how I get around the constitutional argument that [father should] receive this information because he is a legal party to the case.
>
> "\* \* \* \* \*
>
> "I don't know how even if the Court finds there is a good cause, how that would overcome a constitutional right.
>
> "And I know the higher courts, meaning the Court of Appeals and the Supreme Court of this state, have deemed these types of cases to be led by a parent's constitutional rights.
>
> "\* \* \* \* \*
>
> "I will make the finding that there's not good cause."

The juvenile court issued a protective order, redacting mother's contact information and children's placement

from the report, but it did not foreclose father's attorney from sharing with his client the contents of the evaluation. In response, mother's attorney advised her client against participating in the evaluation and appealed the "good cause" finding.

The juvenile court determined that "good cause" did not exist to prevent disclosure of the contents of mother's psychological evaluation, because father claimed a "constitutional right" to the psychological evaluation, and the court did not believe that it had "the authority to prevent one party from having the same information on a case that all other parties would have." As a result, the court did not evaluate any of the considerations that mother presented in determining whether "good cause" existed, but rather limited itself to father's constitutional argument. However, father's "legal right" to the document bears on the trial court's exercise of its discretionary authority—not its legal determination as to whether mother established "good cause." *R. O.*, 316 Or App at 725.

Among the factors that the juvenile court could have considered in determining whether mother had established "good cause" are the effects that disclosure of mother's information would have on the children's well-being and the goal of expediting reunification—although it was not limited to such considerations. *See* ORS 419B.090; *see also R. O.*, 316 Or App at 725. Here, mother argued that "good cause" existed to restrict disclosure of her psychological evaluation because disclosing that information to father, who had a history of domestic abuse, would "send a chilling effect on what [she] does and does not participate in." And that would result in hinderance to mother participating in the psychological evaluation and benefiting from services, and mother's increased fear of being harmed due to father accessing her information. Other parties raised the concern that delaying the psychological evaluation would prolong reunification efforts, and similarly, mother argues on appeal that the juvenile court could have considered her and the children's interest in speedy reunification aided by the evaluation. DHS does not take a position on the issue of restricting disclosure, but the record would support a finding of

good cause based on those considerations. Further, mother's willingness to allow father's attorney to access her psychological information, so long as father was denied access, demonstrates her commitment to expediting reunification.

In sum, the juvenile court erroneously determined that it lacked authority to determine that mother had established "good cause," because of the constitutional issues raised by father. Therefore, it did not reach the initial factual determination of whether mother had established good cause or the second step in the analysis to balance the parties' "legal rights and interests" and exercise its discretionary authority to restrict disclosure pursuant to *former* ORS 419B.881(6) (2021). Thus, we reverse and remand for the juvenile court to consider whether mother has established good cause and, if so, whether to exercise its discretion to limit father's access to those records.

Reversed and remanded.